CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 19 2008

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHRISTINA L. KILGORE,<br><br>*Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:07cv0001<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross-motions for summary judgment, the Report and Recommendation of the U.S. Magistrate Judge, and Plaintiff's objections thereto. I referred this matter to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate filed his Report and Recommendation ("Report") on August 15, 2007, recommending that this Court enter an order affirming the Commissioner's decision denying Plaintiff child disability benefits and supplemental security income, granting the Commissioner's motion for summary judgment, and dismissing this case from the docket. Plaintiff timely filed Objections to the Report on August 23, 2007 (docket entry no. 14), obligating the Court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

I. BACKGROUND

Plaintiff Christina Kilgore protectively filed an application for disability benefits on March 9, 2005, requesting disability benefits under the Social Security Act, 42 U.S.C. §§ 416, 423. An

Administrative Law Judge ("ALJ") determined on August 22, 2006, that Plaintiff had not engaged in substantial gainful activity during the relevant time period (R. 17), did not have an impairment, or combination of impairments, severe enough to meet or equal the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 18), and had the residual functional capacity to perform jobs that exist in significant numbers in the national economy. (R. 24.) As a result, the ALJ held that Plaintiff is not disabled as defined under the Social Security Act. (R. 25.)

Specifically, the ALJ found that Plaintiff had a cognitive impairment/learning disorder evidenced by a memory impairment, and thereby met the criteria set forth in Medical Listing 12.02, Section A.[1] (R. 20.) The ALJ determined that Plaintiff did not satisfy the requirements of Section B, however, because she had only a mild restriction of activities of daily living, mild to moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, and pace, and no evidence of any extended episodes of decompensation. (R. 21.) As a result, the ALJ concluded that Plaintiff did not have an organic mental disorder that satisfied the requirements of Listing 12.02. (*Id.*)

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept

---

[1] Medical Listing 12.02 sets forth the requirements to be disabled by an organic mental disorder, including psychological or behavioral abnormalities associated with a dysfunction of the brain. 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.02. An applicant must either meet the requirements of both section A and B, or section C alone, in order to qualify as disabled under § 12.02. *Id.*

2

as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the Courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The Court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgement for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the Court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589.

### III. DISCUSSION

Plaintiff does not argue that the Commissioner applied the legal standards in this case incorrectly, but rather contends that there is not substantial evidence to support the ALJ's determination that Plaintiff is not disabled under Listing 12.02. Plaintiff argues that the Report ignores the testimony of Plaintiff's mother and sister who have intimate knowledge of her daily life, fails to give proper weight to the conclusions of her medical doctors who concluded she is vocationally disabled, and unduly relies on Plaintiff's own statements and on evidence submitted by a vocational evaluator at the Department of Rehabilitation. Plaintiff believes that this evidence clearly establishes that her mental disorder has a marked impact on her activities of daily living,

ability to maintain social functioning, and ability to maintain concentration, persistence, and pace.

However, I am precluded from re-weighing the evidence in this case and may only review the record to determine if substantial evidence exists to support the decision of the Commissioner. *See Craig*, 76 F.3d at 589. I find, after a careful review of the record, that there is substantial evidence in the record, and hereby overrule all of Plaintiff's objections for the reasons below.

First, the subjective testimony of lay witnesses such as Plaintiff's mother and sister may be discounted when sufficient objective medical evidence exists in the record to allow the fact finder to determine whether the applicant is disabled. *Laws*, 368 F.2d at 644. Here, the record contained substantial evidence to establish that, while Plaintiff may be a slow worker and socially immature, her mental disability does not rise to the level required to meet the requirements of Listing 12.02, Section B.[2] The record shows that Plaintiff underwent several psychological and vocational evaluations, which determined that Plaintiff has only moderate difficulty in social, occupation, or school functioning (R. 214), only moderate difficulty in maintaining concentration, persistence, and pace (R. 186, 197), and functional social skills with no difficulty maintaining social functioning. (*Id.*) In addition, the record contains reports by objective medical experts that opine that Plaintiff can pay her own bills (R. 112), manage a checkbook and/or savings account (*Id.*), perform

---

[2] A claimant must either meet the requirements of both sections A and B, or section C alone in order to be classified as having a disabling organic mental disorder. 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.02. Section B requires the applicant to establish that her disorder results in at least two of the following:
    1. Marked restriction of activities of daily living; or
    2. Marked difficulties in maintaining social functioning; or
    3. Marked difficulties in maintaining concentration, persistence, or pace; or
    4. Repeated episodes of decompensation, each of extended duration.
*Id.* The Listings define "marked" as "more than moderate but less than extreme," and explain that a marked limitation "may arise when several activities or functions are impaired, or even when only one is impaired, so long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P., App 1, § 12.00(C).

4

household chores, including washing dishes, cooking, and cleaning (R. 213), and communicate with friends via electronic mail and Internet message boards. (R. 136.) In short, I find that the ALJ had, at minimum, substantial evidence to support his determination that Plaintiff did not meet the requirements of Section B. As a result, the ALJ was not required to give the testimony of Plaintiff's mother or sister great weight. *Laws*, 368 F.2d at 644.

Second, to the extent that the record contains conflicting medical evidence that could support a finding that Plaintiff is disabled, the Court is not permitted to re-weigh this evidence or substitute its judgment for that of the ALJ. *Hays*, 907 F.2d at 1456. The ALJ is charged with resolving conflicts in the evidence, *Thomas*, 331 F.2d at 543, and this Court's review is limited to the question of whether substantial evidence existed to support his finding. *Craig*, 76 F.3d at 589.

Third, the Report did not unduly rely on Plaintiff's statements in reaching its decision despite Plaintiff's objections to the contrary, but merely provided a description of her reported daily activities, which include surfing the Internet, watching television, visiting soap opera Internet web sites, reading teenage novels, and shopping with family and friends. (R. 136.) The Report did, however, rely on one of her vocational evaluations, which concluded that Plaintiff had satisfactory academics for the occupations in which she was interested (R. 70) and had potential for success in training for entry to mid-level clerically oriented jobs. (R. 65.) A subsequent vocational evaluation performed by Dr. Hensley contradicted this finding, concluding that Plaintiff is "vocationally disabled" (R. 139), but a third vocational expert testified that several jobs exist in the national economy that Plaintiff could perform, including dishwasher, bus person, hand packer, and simple bench assembly worker. (R. 261–62.) The ALJ weighed this conflicting evidence in making his decision and ultimately determined that Plaintiff is not disabled. This Court is thereby limited to ensuring that substantial evidence exists to support his finding, *Craig*, 76 F.3d at 589, and need not

5

consider the extent to which the ALJ and/or Report relied on Plaintiff's own statements.

## IV. CONCLUSION

After a thorough examination of the Plaintiff's objections, the applicable law, the documented record, and the Magistrate's Report, the Court overrules all objections. The Commissioner's decision that Plaintiff is not disabled, in that she does not meet the requirements of Listing 12.02, Section B, is supported by substantial evidence in the record, given that Plaintiff has only moderate difficulty in social, occupation, or school functioning (R. 214), only moderate difficulty in maintaining concentration, persistence, and pace (R. 186, 197), and no difficulty maintaining social functioning (*Id.*) Accordingly, it is this day ORDERED that the Report and Recommendation of the United States Magistrate Judge filed August 15, 2007, shall be, and hereby is, ADOPTED, in its entirety. The Commissioner's decision is AFFIRMED and his motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED. This case is DISMISSED and stricken from the docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 19th day of February, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE